# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 21-5160**

**September Term, 2022**

FILED ON: JANUARY 31, 2023

BIRENDRA BAHADUR HAMAL,
>> APPELLANT

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, ET AL.,
>> APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-02534-RC)

---

Before: MILLETT and RAO, *Circuit Judges*, and TATEL, *Senior Circuit Judge*.

## J U D G M E N T

This case was considered on the record from the United States District Court for the District of Columbia, as well as on the briefs of the parties. We have accorded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the order of the United States District Court for the District of Columbia be **AFFIRMED**.

**I**

Birendra Bahadur Hamal is a Nepali citizen who works as a director of film and drama. In March 2017, Hamal filed an I-140 petition with the United States Citizenship and Immigration Services. That petition sought what is commonly known as an EB-1 visa for extraordinary ability, which allows highly accomplished individuals to obtain permanent residence in the United States. 8 U.S.C. § 1153(b)(1)(A); 8 C.F.R. § 204.5(h). Hamal sought an EB-1 visa based on exceptional accomplishment in the arts.

Citizenship and Immigration Services denied Hamal's petition. The Department of Homeland Security's Administrative Appeals Office affirmed, concluding that Hamal did not meet the criteria to obtain an extraordinary ability visa. Hamal filed two motions to reconsider, both of which the Administrative Appeals Office denied.

Hamal then filed suit in the United States District Court for the District of Columbia claiming that the Department's decision was arbitrary and capricious in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). The district court granted the Department's motion for summary judgment. In so doing, the court acknowledged that Hamal "is * * * an impressive individual," but held that the Department's decision denying his petition is supported by the record and so was not arbitrary or capricious. Mem. Op. 12, J.A. 21.

## II

The district court's jurisdiction rested on 28 U.S.C. § 1331. Hamal filed a timely notice of appeal, and this court has jurisdiction under 28 U.S.C. § 1291.

We review a district court's grant of summary judgment *de novo*. *Silver State Land, LLC v. Schneider*, 843 F.3d 982, 989 (D.C. Cir. 2016). "An agency's action withstands review under the Administrative Procedure Act unless it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Id*. (quoting 5 U.S.C. § 706(2)(A)).

## III

### A

The extraordinary ability visa is an "extremely restrictive" route for foreign nationals at the top of their professions to obtain permanent residence in the United States. *Kazarian v. United States Citizenship & Immigr. Servs.*, 596 F.3d 1115, 1117–1122 (9th Cir. 2010) (upholding denial of petition of a published theoretical physicist specializing in non-Einsteinian theories of gravitation); *see also Rijal v. United States Citizenship & Immigr. Servs.*, 772 F. Supp. 2d 1339, 1342 (W.D. Wash. 2011) (upholding denial of petition of a Nepali citizen who "helped establish the television industry in Nepal," despite evidence that he "achieved substantial success over nearly three decades of work in the television and film industry"), *aff'd*, 683 F.3d 1030 (9th Cir. 2012). The visa is available only to those who possess "extraordinary ability in the sciences, arts, education, business, or athletics which has been demonstrated by sustained national or international acclaim and whose achievements have been recognized in the field through extensive documentation[.]" 8 U.S.C. § 1153(b)(1)(A)(i).

To qualify for an extraordinary ability visa, a petitioner first must submit "[i]nitial evidence" that he "has sustained national or international acclaim and that his * * * achievements have been recognized in the field of [his] expertise." 8 C.F.R. § 204.5(h)(3). That showing must include (1) "evidence of a one-time achievement (that is, a major, international recognized award)," or (2) at least three out of ten enumerated categories of evidence that demonstrate the petitioner's achievement in his field. *See id*. Once the petitioner makes that threshold showing, Citizenship and Immigration Services determines whether the petitioner has demonstrated both a "level of expertise indicating that the individual is one of that small percentage who have risen to the very top of the[ir] field of endeavor," and "that the [individual] has sustained national or international acclaim and that his or her achievements have been recognized in the field of expertise." *Id*. § 204.5(h)(2)–(3); *Kazarian*, 596 F.3d at 1121.

**B**

There is no dispute in this case that Hamal made the initial showing of substantial professional accomplishment in the arts. Hamal showed that he directed plays at theaters, participated as a judge for a drama competition, and earned a high salary compared with other theater directors in Nepal. As a result, the sole question on appeal is whether the Department's conclusion that Hamal failed to demonstrate the exceptionalism required at the second step in the process was arbitrary or capricious. It was not.

At the second step, Hamal had to demonstrate not just that he is accomplished in the arts, but also that (1) he is one of a small percentage who have risen to the very top of his field, (2) he has sustained national or international acclaim over time, and (3) his achievements have been recognized in the fields of film or drama through extensive documentation. 8 C.F.R. § 204.5(h)(2)–(3); 8 U.S.C. § 1153(b)(1)(A).

In an effort to meet that exacting standard, Hamal submitted extensive evidence, including various awards he received within Nepal, his experience directing and judging many performances and art competitions, his membership in guilds and cultural associations related to the field of drama, and several articles and letters vouching for his contributions to the fields of drama or film.

The Department's decision thoroughly reviewed Hamal's evidence and reasonably explained why, for each category of evidence, Hamal had not shown that he had risen to the very top of his field, enjoyed sustained acclaim, or attained recognized achievements. For instance, Hamal submitted documentation that he had received several awards from organizations affiliated with the Government of Nepal, such as four best drama director awards, one service award, one regional talent award, and one drama theater award. Without more, though, these awards did not evidence Hamal's stature as at the top of his field or indicate that he has attained recognized achievements. More specifically, Hamal "did not demonstrate that the field recognizes these as awards for excellence[,]" and failed to provide any record evidence that the "competitions included accomplished directors and artists from throughout [his] field reflecting that he received awards against acclaimed competition." J.A. 201 (citing *Matter of Price*, 20 I. & N. Dec. 953, 954 (Assoc. Comm'r 1994) (holding that even athletes performing in the premier league of their sport do not automatically satisfy step two of the extraordinary ability visa process)).

Hamal similarly failed to provide needed context for his directorial and judging experience and the response to his work. For example, Hamal provided evidence that he had judged several drama competitions, but failed to show that he served as a judge of renowned directors as opposed to aspiring artists, or that the competitions are "considered prestigious or attract significant attention by the field." J.A. 202. As to Hamal's evidence that his plays were "displayed at various venues," Hamal did not show "that his plays brought praise from critics, drew notable crowds, raised attendance, or were responsible for the success or standing of the event." J.A. 203. Further, Hamal "d[id] not distinguish" his work "from others in his field[.]" J.A. 203. The press coverage that Hamal submitted did not fill in the gaps because the articles were undated, were outdated, or lacked indicia that they derived from a professional or major trade publication or another significant medium. J.A. 202. Because Hamal failed to provide the needed context for his experiences and the

response to his work, the Department reasonably determined that he had failed to establish that he is one of a small percentage who have risen to the top of his field, that he has sustained national or international acclaim, and that his achievements have been recognized in the fields of film or drama.

Hamal's evidence of membership in the Nepal Cultural Association, the Film Director's Guild of Nepal, and the Film Artistes Association of Nepal, while demonstrating his professional stature, also did not establish the exceptional level of distinction required for this extraordinary-ability visa. In particular, Hamal did not establish that those organizations limit membership to renowned directors or that membership requires outstanding achievements. J.A. 201–202. Similarly, though Hamal submitted documentation that he founded or served on the board of several organizations where he was responsible for "spreading the Nepalese drama direction in several villages[,]" the record is devoid of evidence that "his work at these organizations has been recognized by the field as being significantly important or viewed as unusually influential[,]" or that he "has somehow impacted the field through his work * * * at a level commensurate with those at the very top of the field of endeavor." J.A. 203.

Hamal did demonstrate that he received a high salary for his work compared to other directors. But the Department well explained its conclusion that salary evidence alone was insufficient to establish Hamal as a singularly exceptional artist due to the other gaps in his evidence.

Hamal's reliance on a handful of district court cases finding that the government had insufficiently justified the denial of extraordinary-ability petitions does not help his cause. *See* Hamal Opening Br. 27 (citing *Grimson v. INS*, 934 F. Supp. 965 (N.D. Ill. 1996); *Muni v. INS*, 891 F. Supp. 440 (N.D. Ill. 1995); *Buletini v. INS*, 860 F. Supp. 1222 (E.D. Mich. 1994)). Unlike Hamal, the plaintiffs in those cases provided the needed context for their awards, achievements, and contributions to the field (or the context was self-evident). *See Grimson*, 934 F. Supp. at 969 (plaintiff demonstrated that he was among the top three hockey enforcers in the world); *Muni*, 891 F. Supp. at 444 (plaintiff's awards included best hitting defenseman); *Buletini*, 860 F. Supp. at 1232 ("[P]laintiff submitted a letter of reference * * * stating, inter alia, that plaintiff's dictionary is an original work that will provide invaluable assistance to all persons who write or translate from the German language[.]") (emphasis omitted); *contra* J.A. 203 ("[Hamal] did not establish that th[e] claimed skill [of 'bringing dramaturgy and cinematographic modes of performance together'] is an original contribution that is considered of major significance in the field.").

In sum, because the Department reasonably explained its determinations, grounded them in the record, and rationally connected the factual record to its decision, Hamal's arbitrary-and-capricious challenge fails. *See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins.*, 463 U.S. 29, 43 (1983) ("The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency.").

## C

Hamal separately argues that the Department wrongly required him to establish international acclaim, rather than just national acclaim. Hamal Opening Br. 21. Hamal rightly notes that a petitioner may demonstrate acclaim by pointing to evidence of national *or* international recognition. 8 C.F.R. § 204.5(h)(3); 8 U.S.C. § 1153(b)(1)(A). But the Department hewed to that rule in finding

that Hamal failed to demonstrate that he has "sustained national or international acclaim." J.A. 202. Hamal's argument also overlooks that neither national nor international acclaim alone suffices. Petitioners must also establish both that the acclaim was "sustained" and that their "achievements have been recognized in the field of expertise." 8 C.F.R. § 204.5(h)(3); *see also Kazarian*, 596 F.3d at 1119–1120. Hamal, however, has not demonstrated that his work "has been recognized by the field as being significantly important or viewed as unusually influential." J.A. 203.

## D

Hamal argues for the first time in his reply brief that 8 C.F.R. § 204.5(h)(2) is unconstitutional. Because he did not raise that argument before the Department or in his opening brief, it is forfeited. *See Al-Tamimi v. Adelson*, 916 F.3d 1, 6 (D.C. Cir. 2019) ("A party forfeits an argument by failing to raise it in his opening brief."); *Nuclear Energy Inst., Inc. v. EPA*, 373 F.3d 1251, 1290 (D.C. Cir. 2004) (per curiam) ("As a general rule, claims not presented to the agency may not be made for the first time to a reviewing court.").

## IV

For all of those reasons, the order of the district court is affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

## Per Curiam

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:  /s/
Daniel J. Reidy
Deputy Clerk